## UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **FEDERAL ENERGY REGULATORY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:11-CV-049 |
| **STAR MILL, INC.,** | ) ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Before the Court is a Motion for Joinder of Additional Parties (Docket # 22) filed by Defendant Star Mill, Inc., seeking to join the United States Army Corps of Engineers (the "Corps"), the Indiana Department of Natural Resources ("IDNR"), and the United States Department of Fish and Wildlife ("DFW") as additional parties in this matter under Federal Rule of Civil Procedure 20. Also before the Court is a Motion to Strike (Docket # 29) filed by Plaintiff Federal Energy Regulatory Commission (the "Commission"), seeking to strike a portion of Star Mill's answer. The Commission timely responded to Star Mill's motion for joinder. (Docket # 28.) Star Mill, however, has failed to file a reply to its motion for joinder or a response to the Commission's motion to strike, and the time to do so has now passed.

For the following reasons, the motion for joinder and the motion to strike will each be DENIED.

*A. Factual and Procedural Background*

Pursuant to the provisions of the Federal Power Act, the Commission licensed a hydro-electric project to Star Mill in 1997. (Compl. ¶ 13.) However, in May 2007, after the project had

allegedly fallen into disrepair and Star Mill failed to respond to the Commission's directives to repair it, the Commission publicly noticed the termination of the project license by implied surrender. (Compl. ¶¶ 15-21.) The proceeding to terminate Star Mill's license culminated in a September 3, 2009, Commission order terminating the project license by implied surrender contingent upon Star Mill performing ten enumerated actions designed to ensure the safety of the project dam and environs, including the removal of certain flashboards from its dam. (Compl. ¶ 22, Ex. A.)

On February 4, 2011, the Commission filed this action against Star Mill to enforce the terms of the final Commission order demanding that Star Mill satisfy the ten enumerated safety-related terms and conditions. (Docket # 1.) Star Mill filed its answer on April 28, 2011, together with the instant motion for joinder. (Docket # 21, 22.) On May 26, 2011, the Commission timely responded to the motion for joinder and also filed the instant motion to strike. (Docket # 28, 29.)

### B. Star Mill's Motion for Joinder

In the motion for joinder, Star Mill seeks to join the Corps, IDNR, and DFW as additional parties in this matter. It purports that in the course of the licensing process, the Commission received comments and positions from these agencies demanding that Star Mill be required to maintain a particular level of the river above the dam due to the presence of jurisdictional wetlands. (Mot. for Joinder ¶ 2.) Star Mill contends that if the Court enforces the Commission's order, its removal of the flashboards will lower the river water level more than three feet and, in the process, drain the wetlands, exposing it to claims for the destruction of wetlands by various agencies. (Mot. for Joinder ¶¶ 3-4.) Therefore, as Star Mill sees it, the Corps, IDNR, and DFW each has an interest in the level of the river and the preservation of the

wetlands, and consequently has an interest in the outcome of this litigation. (Mot. for Joinder ¶ 5.)

Federal Rule of Civil Procedure 20 states that persons may join in one action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions; and (B) any question of law or fact common to all plaintiffs will arise in the action." Similarly, Rule 20 provides that persons may be joined as defendants if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

In short, to join a person in an action under Rule 20, "there must be both a right to relief arising out of the same transaction or occurrence and a question of law or fact common to all the plaintiffs [or defendants.]" *Teklehaimanot v. Park Ctr., Inc*., No. 1:08-CV-220, 2009 WL 799505, at *1 (N.D. Ind. Mar. 24, 2009) (citations and internal quotation marks omitted); *see also In re Monon Tel. Co.*, 218 F.R.D. 614, 616 (N.D. Ind. 2003). "Federal policy favors joinder, and the district court has wide discretion when deciding whether joinder of parties is proper." *Teklehaimanot*, 2009 WL 799505, at *1 (citation omitted); *see Monon Telephone*, 218 F.R.D. at 616 ("When the requirements of Rule 20(a) are satisfied and joinder will not result in undue prejudice to a party, discretion is exercised in favor of joinder." (citing *Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1011 (7th Cir. 1988))).

Here, Star Mill's motion for joinder, which is less than two pages in length, is woefully inadequate. It fails to cite any evidence or case law in support of its motion, and does not even

3

explain whether the three agencies should be joined as additional plaintiffs or as additional defendants.

Furthermore, IDNR and the Corps have each specifically informed the Commission that they have no objection to Star Mill's performing the ten enumerated actions in the Commission's order, including removal of the flashboards. (Abrams Decl. ¶ 22; Allenson Decl. ¶¶ 8, 10.) Similarly, although IDNR and DFW intervened in the 2007 proceeding that involved the implied surrender of the license, and filed comments, they did not raise concerns that the work to be performed pursuant to the 2009 surrender order, including the removal of flashboards, would reduce the river water level or affect upstream wetlands. (Abrams Aff. ¶¶ 10, 17, 22.)

Moreover, Star Mill does not dispute the Commission's assertion that sovereign immunity applies to each of the three agencies that Star Mill seeks to join. Indeed, the United States and its agencies enjoy sovereign immunity except when explicitly waived. *See Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996). A state agency is similarly immune. *See, e.g.*, *Joshua B. v. New Trier Twp. High Sch. Dist. 203*, 770 F. Supp. 431, 432 (N.D. Ill. 1991) ("Absent consent, . . . the Eleventh Amendment to the Constitution prohibits the naming of 'the State or one of its agencies or departments' a defendant in a suit." (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Where a party wishes to join a sovereign entity, the burden is on the movant, in this instance Star Mill, to establish that sovereign immunity has been waived. *See, e.g*, *Ohio Cas. Ins. Co. v. Reed*, No. 1:04-CV-4047-DFH-WTL, 2005 WL 1703256, at *3 (S.D. Ind. July 20, 2005); *see generally Fritz v. Coffey*, No. 1:07-CV-115-TS, 2008 WL 2444552, at *3 (N.D. Ind. June 16, 2008). Here, Star Mill failed to respond to the Commission's assertion that the Corps, IDNR, and DFW enjoy sovereign immunity.

Therefore, for the foregoing reasons, Star Mill's motion for joinder under Rule 20 will be DENIED.

## C. *The Commission's Motion to Strike*

The Commission seeks to strike a portion of Star Mill's answer that purportedly challenges the merits of the Commission's 2009 final order. The Commission asserts that the portion it seeks to strike does not constitute an adequate legal defense and is legally immaterial to the relief requested in the Commission's complaint. (Mot. to Strike. ¶ 4.)

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Tech. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).

The precise language in Star Mill's answer that the Commission seeks to strike is set forth below as the underlined portions of the relevant text:

> Answer ¶ 16. Defendant admits the issuance of the documentation, <u>but denies that the allegations in the documentation were based on accepted scientific theories</u>.
>
> Answer ¶ 17. Defendant admits the issuance of the documentation alleged <u>but denies that orders were based on accepted scientific theory</u>.
>
> Answer ¶ 22. Defendant admits the issuance of the order <u>but denies that the Order is final for the reason that the order directs the removal of flashboards from the dam. The removal of the flashboards will lower the water level of the river by over three feet, which will significantly and irreparably destroy large areas

<u>of wetlands upstream of the project. The Commission failed to inform the Indiana Department of Natural Resources, the U S Army Corps of Engineers, and the U S Fish and Wildlife Services of its demand to lower the level of the Fawn River. Said agencies participated in the licensing process and demanded that the water level of the river be maintained within a narrow range so as to protect upstream wetlands. Compliance with the order will result in violation of the demands of the other agencies</u>.

At this stage of the proceedings, the Court is not convinced that the portion of the answer that the Commission seeks to strike is immaterial. "It is simply too early in the litigation to know whether these denials and defenses are appropriate." *Spengler v. Meadowbrook Meat Co.*, No. 2005-A-0034, 2006 WL 3703205, at *3 (C.D. Ill. Dec. 12, 2006) (denying motion to strike defendant's answer, defenses, and counterclaims). "[T]he sufficiency of a defense can be better tested with a more thorough record–such as on a motion for summary judgment." *Id*. Moreover, there is no indication that the Commission will be prejudiced by this portion of Star Mill's answer. *Id*.; *see Stanley C v. MSD of Sw. Allen Cnty. Sch.*, No. 1:07-cv-169-PRC, 2008 WL 219176, at *1 (N.D. Ind. Jan. 24, 2008) ("[A] court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." (citation omitted)).

Consequently, the motion to strike will be DENIED.

### *D. Conclusion*

For the foregoing reasons, Defendant's Motion for Joinder of Additional Parties (Docket

# 22) and Plaintiff's Motion to Strike a Portion of the Answer (Docket # 29) are each DENIED.

SO ORDERED.

Enter for June 10, 2011.

<u>S/Roger B. Cosbey</u>
Roger B. Cosbey
United States Magistrate Judge